V. BALLARD, Trustee v. TRAVELERS' INSURANCE COMPANY.

*Contract, Construction of.*

L., a former agent of defendant, who had quit its employment with his accounts unadjusted, went to Hartford, Conn., defendant's place of business, in consequence of a telegram requesting him to come to adjust accounts, and offering to pay his expenses. On arrival L. demanded that a proposition of settlement should be sent to his hotel; this the defendant declined, as all the books, correspondence, &c., relating to L's accounts were at its office, to which he was requested to come, and in default of L's compliance with the request, defendant refused to pay his expenses. L. thereupon returned home; *Held*, in an action by the assignee of L., that defendant was not liable for the expenses of L's trip, the reasonable construction of the telegram being that the expenses of the trip would be paid by defendant if L., on his arrival, should, in a business-like manner, meet the defendant at its office in Hartford, and in a business-like way discuss the matters between them.

CIVIL ACTION, heard on appeal from a judgment of a Justice of the Peace, before *Coble, J.*, at March Term, 1896, of DURHAM Superior Court. After all the evidence was in, it was agreed that a jury trial should be waived, and that the court might find the issues of facts and conclusions of law.

The court found the following facts:

" 1. That one of the plaintiffs, J. R. Lindsay, had been in the employ of the defendant Company. That the said Lindsay went out of the employ of the defendant Company some time in June or May, 1895.

" 2. That the said J. R. Lindsay received the following telegram:

"HARTFORD, Conn., August 26th, 1895.
" *To J. R. Lindsay:*
" Better come here any day this week.
" RODNEY DENNIS, Sec'y."

" 3. That the said Lindsay replied in the following telegram :

" YORKVILLE, S. C., 8, 26, 1895.
" *To Rodney Dennis, Secty., Hartford, Conn.:*
"I do not feel justified in coming to Hartford at my own expense. The whole subject could be so much better discussed here, and I request that you send a representative here. Please arrange an interview without delay. Answer.
" (Signed.)   J. R. LINDSAY."

" 4. That the said Lindsay received the following telegram, dated at Hartford, Aug. 27, 1895 :
" You may come to Hartford at Company's expense.
" RODNEY DENNIS, Sec'y."

" 5. That the said Lindsay, in consequence of receiving the last telegram, went to Hartford, Conn.

" 6. That Rodney Dennis was Secretary of the defendant Company.

" 7. That his expenses were $91.40, which has not

been repaid to him.  That he demanded $91.40 from the Company.  That while in Hartford, Conn., the said Lindsay received the following letter : "   (Letter is set out in the opinion.)

" 11. That the assignment to Ballard  was made for the purpose of bringing suit in  this State.  It was made in good faith."

The court's conclusion of law and judgment was as follows :

" That the defendant, The Traveler's Insurance Company, is indebted to the plaintiff in the sum of $91.40."

" To this conclusion of law the defendant excepted, and appealed therefrom to the Supreme Court, gave due notice, &c., and assigned as error :

" (a.) That the court's finding of fact shows the object of the plaintiff Lindsay's trip to Hartford, Conn., was to adjust matters of controversy between him and the defendant Company, and that such purpose was the consideration of the promise to pay expenses in the telegram marked exhibit ' A ', and when J. R. Lindsay refused to confer with the officers of the defendant, as defendant contends, shown in the letter of September 4, 1895, he lost his right to demand payment of his expenses.

" (b.) That upon all the facts found by the court, the conclusion of law is erroneous, because the most favorable view to the plaintiff Lindsay does not entitle him to recover against the defendant."

*Messrs. Winston & Fuller*, for plaintiff.
*Messrs Boone & Bryant*, for defendant (appellant).

MONTGOMERY, J.: The plaintiff owned the claim upon

BALLARD *v.* INSURANCE COMPANY.

which the action was brought, as assignee of J. R. Lind-say, who had been an agent of the defendant Company. The assignor claimed that he went to Hartford, Conn., after he had ceased to be agent, at the request of the defendant, and that it agreed and promised to pay him the expenses of his trip, $90. Lindsay left the employment of the defendant in May or June, 1895, with matters connected with the agency unsettled. In August, the defendant from Hartford telegraphed to Lindsay in Yorkville, S. C., that he might come on to Hartford, where the defendant did its insurance business, at its expense, Lindsay, upon receiving the telegram, and in consequence of it, went to Hartford, and after his arrival received from defendant Company a letter as follows:

" HARTFORD, CONN., September 4, 1895.

" *J. R. Lindsay, Esq., the Heublein, Hartford, Conn. :*

" DEAR SIR :—You were invited by letter of August 27th to come to this office for the purpose of adjusting your account. Having before us all the records, correspondence and papers affecting the same we cannot do this business at your hotel. The first thing to do is to adjust the account. When that is done, the bill for your expenses here will be paid, or credited to your account, as the case may be. Your proposition for a lump settlement, regardless of the accounts, was declined. You then asked for a counter proposition, which I said I would make today, after going over the accounts, and ascertaining the facts. I have been at work all the morning to that end. Now you ask that a proposition be sent to your rooms at your hotel. This I decline to do, and, further decline to pay your expenses in coming here, unless the purpose of your visit can be accomplished. You brought with you no statement of your account showing the disbursements

made by you of moneys advanced, and no statement of your business showing any balance due you by this Company as you claim. Your various reports have to be examined and agreed upon before any final settlement can be agreed upon. This is the first thing in order.

"Yours truly,

"J. G. BATTERSON, President."

After the plaintiff's assignor, Lindsay, received the letter he made no answer, and nothing further was done. His Honor by consent of parties found the facts, and upon them held that the defendant was liable and gave judgment for the plaintiff assignee. In this we think there was error.

We are of the opinion that the reasonable construction of the meaning of the telegram is that the expenses of Lindsay's trip to Hartford would be paid if upon his arrival he should, at a proper place in the city and at a proper time and in the usual business way, discuss the subject-matter of business interests to both. The unanswered letter of the defendant shows what the nature of the business was, and the law implied an agreement on the part of Lindsay that he would, upon his arrival at Hartford, in a business-like manner, meet the defendant at its place of business and discuss the matters between them. The telegram could not be construed, when taken in connection with the unanswered letter, to mean that Lindsay should come to Hartford, leave without a reasonable effort to adjust the matters between them, and then make the defendant Company pay the expenses of his trip.

We think, upon the facts found by his Honor, that the plaintiff was not entitled to recover.

Reversed.